**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

UNITED STATES OF AMERICA,

          **Plaintiff,**

    v.                                    Case No.  1:07-CR-30011-MC-01

DARWIN LYNN HUTCHINGS,

          **Defendant.**

---

## ORDER CONTINUING SUPERVISED RELEASE WITH MODIFICATION OF THE TERMS AND CONDITIONS OF SUPERVISED RELEASE

On December 13, 2007, the defendant appeared before this court, for sentencing following his plea of guilty to Count 1 of the Indictment. He was sentenced to 120 months custody followed by a three year term of supervised release, upon the standard and special conditions. On January 26, 2017 and January 30, 2017, the Judgment was amended to include the 120 month term of incarceration was to run concurrently with the sentence imposed in Klamath County, OR, Case No. 07-00557-CR. The term of supervised release commenced on April 14, 2017.

On May 30, 2017, this court issued a petition for warrant and order to show cause why the term of supervised release order previously granted should not be revoked based on the probation officer's allegation that defendant violated the conditions of release.

ORDER CONTINUING SUPERVISED RELEASE WITH MODIFICATION
OF THE TERMS OF CONDITIONS OF SUPERVISED RELEASE - PAGE 1

On June 21, 2017, the defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The defendant admitted had violated the conditions of supervised release by failing to participate in a residential reentry center as directed.

THE COURT FINDS that the defendant has violated special condition 3 of his supervised release as set forth above, said violation constitutes a Grade C violation pursuant to Guideline § 7B1.1(a)(2). A Grade C violation coupled with the defendant's Criminal History Category of VI, produces a suggested imprisonment range of 8 to 14 months (§ 7B1.4 Revocation Table).

IT APPEARS TO THE COURT that the defendant is amenable to supervision.

IT IS ORDERED AND ADJUDGED that the term of supervised release is continued under the previously imposed conditions of supervision and the following new conditions:

You must reside in and participate in the program a residential reentry center, specifically the Lane County Residential Reentry Center, for up to 120 days, to be released at the direction of the probation officer. You must follow the rules and regulations of the center; You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

**IT IS FURTHER ORDERED** that the defendant is remanded to the custody of the United States Marshal and shall remain in custody at a Federal Detention Center or other facility as determined by the United States Marshal until arrangements can be made by a United States Probation Officer for direct placement in a Residential Reentry Center, or for unescorted travel. Upon receiving notification from the United States Probation Officer, the

United States Marshal shall release the defendant to the United States Probation Officer or the Residential Reentry Center.

Dated this 23 day of June, 2017.

                                              **MICHAEL J. McSHANE**
                                              **UNITED STATES DISTRICT JUDGE**